CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL - 3 2014

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:12-cr-00007-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RAPHAEL LAMAR PRICE, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Raphael Lamar Price, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, I dismiss the motion as untimely filed.

**I.**

I entered Petitioner's criminal judgment on August 28, 2012, sentencing him to, inter alia, 108 months' incarceration after Petitioner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Petitioner did not appeal. Petitioner filed the instant § 2255 motion no earlier than May 14, 2014. The court conditionally filed the motion, advised him that the motion appeared untimely, and gave him the opportunity to explain why the court should consider the motion timely filed. Petitioner argues that the § 2255 motion is timely filed within one year of Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (June 17, 2013).[1]

**II.**

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their

---

[1] Alleyne held that "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2158.

federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in September 2012 when the time expired to appeal to the Court of Appeals for the Fourth Circuit. See United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Petitioner had until September 2013 to timely file a § 2255 motion, but he did not file the instant motion until May 2014. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

Petitioner argues that his motion should be considered timely filed because Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (June 17, 2013), triggers the filing period. See 28 U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings). However, Alleyne does not trigger the limitations period in § 2255(f)(3) because Alleyne does not apply retroactively to § 2255 proceedings by its own text or by the framework set forth in

Teague v. Lane, 489 U.S. 288 (1989), and progeny.[2] See, e.g., Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013); United States v. Redd, 735 F.3d 88, 92 (2d Cir. 2013). Consequently, § 2255(f)(1) is the appropriate limitations period, and Petitioner filed the instant motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). I do not find any extraordinary circumstance in the record that prevented Petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, I find that Petitioner filed the § 2255 motion beyond the one-year limitations period, Petitioner is not entitled to equitable tolling, and the § 2255 motion must be dismissed.

---

[2] Petitioner argues that United States v. Delgado-Marrero, 744 F.3d 167 (1st Cir. 2014), held that Alleyne retroactively applies to cases on collateral review. However, Delgado-Marrero retroactively applied Alleyne on direct, not collateral, review, and thus, Delgado-Marrero does not apply to Petitioner. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

## III.

For the foregoing reasons, the motion to vacate, set aside, or correct sentence is dismissed. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 3rd day of July, 2014.

Jackson L. Kiser
Senior United States District Judge